_JjPLOTKIN, J.,
concurring with written reasons.
I agree with the majority that the petition filed by plaintiff Robert Smith Larimer states a cause of action. I write separately in order to clarify why the exception should be overruled.
Louisiana' law recognizes fraud as a ground for setting aside a contract. Fraud occurs when the defendant makes a false statement of fact in order to gain an unfair advantage. The fraudulent facts must be material, the plaintiff must reasonably rely on the fraudulent facts, and the plaintiff must suffer damages.
In the recent case of Guidry v. United States Tobacco Co., 188 F.3d 619 (5th Cir.1999), Judge James Dennis, writing for the United States Fifth Circuit, held that fraud can give rise to both contract and tortious causes of action and listed the elements of a cause of action in fraud as follows: “(a) a misrepresentation of a material fact, (b) made with the intent to deceive, and (c) causing justifiable reliance with resultant injury.”
Mr. Larimer’s petition in the instant case is sufficient to state a cause of .action in fraud based on either contract or tor-tious obligations. Mr. Larimer claims that the defendant never disclosed prior to the sale of the home that termite damage had created structural damage to the window seals, beams, walls and joist. Moreover, he asserts that many of the termite-infested beams were “then covered with sheet-rock, making it impossible for petitioner to know that the entire building was structurally unsound and riddled with termites.” Further, Mr. Larimer specifically pled both fraud and error.